UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| **The Bopp Law Firm, PC**, an Indiana professional corporation<br><br>*Plaintiff*,<br><br>v.<br><br>**Oklahoma Council of Public Affairs, Inc.**, an Oklahoma Corporation,<br><br>*Defendant*. | **Civil Case No. 2:22-cv-00453** |

## Complaint for Damages and Declaratory Relief

Plaintiff THE BOPP ;LAW FIRM, PC ("**BLF**") complains against Defendant Oklahoma Council of Public Affairs, Inc. ("**OCPA**") as follows:

## Introduction

1. This is a civil action for compensatory damages and declaratory relief arising under breach of contract and account stated claims.

## Jurisdiction and Venue

2. This action arises under Indiana common law for breach of contract and account stated claims.

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 and is between citizens of different states.

4. This Court has the authority to provide declaratory relief under 28 U.S.C. § 2201 and 2202 and under Rule 57 of the Federal Rules of Civil Procedure, and it has the authority to provide for

**Compl. for
Damages and Decl. Relief**                                   1

compensatory damages under Indiana common law and Rule 54 of the Federal Rules of Civil Procedure.

5.   This Court has personal jurisdiction over OCPA because it established contacts within the State sufficient to permit the exercise of personal jurisdiction over them via the Agreement for Legal Services ("**Agreement**") it entered into with BLF.

6.   Venue is proper in this district under 28 U.S.C. § 1391(b)(3) because OCPA is subject to the court's personal jurisdiction in this District with respect to this action. Further, venue is proper because this court's jurisdiction encompasses Vigo County, Indiana, where BLF is headquartered.

## Parties

7.   Plaintiff BLF is an Indiana professional corporation headquartered at 1 South Sixth St., The National Building, Terre Haute, Indiana 47807.

8.   Defendant OCPA is an Oklahoma corporation headquartered at 1401 N. Lincoln Blvd., Oklahoma City, Oklahoma 73104.

## Facts

**The Agreement**

9.   On or about April 22, 2020, Paycom Payroll, LLC ("**Paycom**") filed suit against OCPA for defamation and tortious interference ("**Defamation Suit**").

10.  On or about May 15, 2020, OCPA entered into the Agreement with BLF to represent OCPA by defending it against Paycom in the Defamation Suit, including any appeals and relevant petitions for attorneys' fees allowed under Oklahoma law.

11.  The fully executed Agreement is attached to this Complaint as Exhibit 1.

**Compl. for**
**Damages and Decl. Relief**                          2

12. James Bopp, Jr. is the sole proprietor of BLF, and at all times material to this matter was in good standing under the laws of Indiana. Mr. Bopp signed the Agreement on behalf of BLF.

13. Jonathan Small is the President of OCPA, and at all times material to this matter was authorized under the laws of Oklahoma to enter into contracts on behalf of OCPA. Mr. Small signed the Agreement on behalf of OCPA.

14. In the Agreement, OCPA agreed to pay BLF for their legal services, at agreed upon hourly rates for BLF attorneys, including James Bopp, Jr. and Melena Siebert. Agreement at 1.

15. OCPA agreed to pay the corresponding hourly rates for other BLF attorneys who may assist in the legal work necessary in defending OCPA in the Defamation Suit. *Id.*

16. OCPA agreed to pay costs and expenses in addition to the hourly charges for legal services. *Id.*

17. Under the terms of the Agreement, all invoices sent to OCPA by BLF were due and payable within 30 days of receipt by OCPA. *Id.* at 2.

18. Under the terms of the Agreement, interest accrues at 1.5% per month on past due accounts until paid. *Id.*

19. Under the terms of the Agreement, OCPA agreed to pay all attorney fees and costs BLF incurred for collecting any unpaid amounts owed by OCPA, if legal action by BLF is necessary to collect any unpaid amounts due. *Id.*

20. OCPA agreed that any disputes arising under the Agreement would be governed by Indiana law without giving effect to Indiana's conflict of law principles and that any court located in Indiana could resolve the dispute. *Id.* at 3.

**The Supplemental Agreement**

21.     On or about April 30, 2021, OCPA entered into a Supplemental Agreement for Legal Services with BLF ("**Supplemental Agreement**"). Supplemental Agreement, Ex. 2.

22.     Under the terms of the Supplemental Agreement, OCPA agreed to pay BLF 10% of any sanction assessed against Paycom in the Defamation Suit. *Id.*

23.     Under the terms of the Supplemental Agreement, OCPA agreed that all other applicable provisions of the Agreement applied to the Supplemental Agreement. *Id.*

**BLF Performance and OCPA's Breach**

24.     BLF provided the legal services agreed upon under both the Agreement and Supplemental Agreement and timely sent invoices to OCPA on a monthly basis.

25.     To date, OCPA has an outstanding, unpaid balance of $71,501.85 payable to BLF under the terms of the Agreement. BLF Invoice, July 1, 2022, Ex. 3.

26.     Under the terms of the Agreement, interest accrues at 1.5% per month to past due amounts until paid. The interest accrued on unpaid balances to date totals $5,397.98. The total unpaid balance of $76,889.83 includes unpaid charges of attorney fees, as well as costs and interest on past due amounts.

27.     In addition, counsel for OCPA successfully obtained a dismissal of Paycom's First Amended Petition in the Defamation Suit under the Oklahoma Citizens Participation Act ("**OCPAct**") on September 8, 2020, which entitles OCPA to an award of attorney fees and costs and sanctions against Paycom. Under the OCPAct, an award of sanctions is mandatory (the court "shall award . . .

[s]anctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in the Oklahoma Citizens Participation Act.") Okla. Stat. Ann. tit. 12, § 1438 (West).

28. Counsel for OCPA filed a Motion for Attorney Fees and Sanctions on September 11, 2020, for dismissal of Paycom's First Amended Petition, which remains pending. Counsel for OCPA obtained opinions from experts that an appropriate sanction against Paycom would range from $73 million to $105 million. Pursuant to the Supplemental Agreement, BLF will be entitled to a fee ranging from $7.3 million to $10.5 million upon the trial court's assessment of sanctions against Paycom.

29. Pursuant to OCPA's request, BLF attorneys withdrew from representing OCPA in the Defamation Suit on April 21, 2022. OCPA refused to pay the unpaid balance of legal fees due to BLF and demanded a refund of a portion of the legal fees it had already paid to BLF, in excess of $25,000.

## COUNT I:
### Breach of Contract Due to Nonpayment for Services Rendered

30. BLF re-alleges and incorporates by reference all previous allegations.

31. Pursuant to the terms of the Agreement, Indiana law governs any dispute related to the Agreement.

32. Under Indiana law, "[t]o recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach." *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007).

33. "The basic requirements for a contract are offer, acceptance, consideration, and a meeting of the minds between the contracting parties on all essential elements or terms of the transaction." *Jernas*

*v. Gumz*, 53 N.E.3d 434, 445 (Ind. Ct. App. 2016), trans. denied.

34. Consideration is a "bargained for exchange" whereby the promisor accrues a benefit or the promisee accepts a detriment. *Kelly v. Levandoski*, 825 N.E.2d 850, 860 (Ind. Ct. App. 2005)

35. The Agreement and the Supplemental Agreement are valid, enforceable contracts. BLF offered its legal services to OCPA in exchange for OCPA's payment of attorney fees and costs, which OCPA accepted. OCPA's promised payment serves as consideration because OCPA accrued the benefit of legal services in exchange for the detriment of paying BLF's fees. The Agreement contained all the essential elements of the terms of this contract. The offer, acceptance, consideration, and the meeting of the minds between OCPA and BLF are demonstrated within the Agreement itself, which was signed by representatives of OCPA and BLF, who were authorized under the laws of their respective states to enter into the Agreement.

36. To date, OCPA has not paid $76,889.83 to BLF, including unpaid charges of attorney fees, as well as costs and interest on past due amounts, under the terms of the Agreement

37. Because OCPA has not paid BLF for the attorney fees, costs, expenses and interest due, it breached the Agreement.

38. BLF suffered damage totaling $76,899.83 as a direct result of OCPA's breach.

39. Furthermore, upon an assessment of sanctions, which is mandatory under Oklahoma law, against Paycom in favor of OCPA, OCPA will owe BLF ten percent (10%) of the sanction award pursuant to the Supplemental Agreement. Expert opinions obtained by BLF place the value of these sanctions at $73 million to $105 million. Pursuant to the Supplemental Agreement, BLF will be entitled

Case 2:22-cv-00453-JPH-MKK   Document 1   Filed 10/14/22   Page 7 of 10 PageID #: 7

to 10% of the sanction award, or $7.3 million to $10.5 million.

40. BLF suffered damages in unpaid legal fees and a loss of its share of any awarded sanction as a direct result of OCPA's breach.

## COUNT II:
## Account Stated Claim

41. BLF re-alleges and incorporates by reference all previous allegations.

42. "The issues tried in an action on an account stated are whether or not the parties settled their accounts and agreed upon a certain amount due; whether or not there was any agreement, express or implied, to pay such amount; and, if payment is raised as a defense, whether such payment was made." 1 Ind. Law Encyc. Accounts and Accounting § 12.

43. An account stated is an agreement between the parties that all items of an account and balance are correct, together with a promise, express or implied, to pay the balance. *Jackson v. Trancik*, 953 N.E.2d 1087, 1091 (Ind. Ct. App. 2011).

44. An agreement that the balance is correct may be inferred if the debtor fails to object to the amount owed within a reasonable amount of time. "When the underlying material facts are undisputed, what constitutes a reasonable time to object to a statement of account is a question of law." *Auffenberg v. Bd. of Trustees of Columbus Reg'l Hosp.*, 646 N.E.2d 328, 331 (Ind. Ct. App. 1995).

45. Under Indiana law, if a debtor fails to object to an account until after a lawsuit is filed, the court will consider this a failure to object within a reasonable time and will support an inference of the debtor's implied agreement that the account balance is correct. *Id.*

Compl. for
Damages and Decl. Relief                    7

46. Pursuant to the terms of the Agreement, BLF billed OCPA monthly for attorney fees and costs through a monthly invoice specifying the services rendered and their cost. Beginning with the BLF invoice for services rendered in January, 2022, amounts charged to OCPA went unpaid and are currently unpaid. BLF Invoices: February 25, 2022, Ex. 4; March 29, 2022, Ex. 5; April 27, 2022, Ex. 6; May 27, 2022, Ex. 7, July 1, 2022, Ex. 3.

47. OCPA did not object to the amount owed or services rendered on any of the BLF invoices, Exhibits 3 - 7, or to the correctness of the account balance.

48. Therefore, as a matter of law, OCPA has given BLF its implied agreement that the accounts charged, but unpaid, on the BLF invoices are correct. Since OCPA has failed to pay this balance and accrued interest, BLF should be awarded damages in the amount of $76,899.83 on the account stated claim.

## Prayer for Relief

**WHEREFORE**, Plaintiff prays for the relief set forth below:

1. Award compensatory damages to BLF for the unpaid legal fees and costs, plus accrued interest, in the amount of $76,899.83 .

2. Award pre-judgment interest on any compensatory damage awarded to BLF against OCPA.

3. Award all attorneys' fees, costs, and expenses to BLF for prosecuting this action;

4. Declare that the BLF is entitled to 10% of any sanction assessed against Paycom on behalf of OCPA;

5. Declare that OCPA is not entitled to a refund of legal fees already paid by OCPA; and

5. Grant any other relief this Court deems appropriate.

Date: October 14, 2022

Respectfully submitted,
/s/ James Bopp, Jr.
James Bopp, Jr. IN No. 2838-84
jboppjr@aol.com
*Lead Counsel for Plaintiff*
Melena S. Siebert IN No. 35061-15
msiebert@bopplaw.com
*Counsel for Plaintiff*
THE BOPP LAW FIRM, PC
The National Building
1 South Sixth Street
Terre Haute, IN 47807-3510
(812) 232-2434 - Telephone
(812) 235-3685 - Facsimile

## Certificate of Service

I hereby certify that on October 14, 2022, a copy of the foregoing and all attachments thereto were filed electronically using the Court's CM/ECF system and by FedEx with the appropriate Waiver of the Service of Summons forms upon:

>Mr. Jonathan S. Small, II
>Registered Agent for Oklahoma Council of Public Affairs, Inc.
>1401 N. Lincoln Blvd.
>Oklahoma City, OK 73104

>/s/ James Bopp, Jr.
>James Bopp, Jr.
>Lead Counsel for Plaintiff